IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

TECHNOFIRST S.A.,

PLAINTIFF,

v.                                                     CIVIL ACTION NO.: 2:05CV411

FLIGHTCOM CORP.,

DEFENDANTS.

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Transfer the case to the District of Oregon, filed on September 14, 2005, (Doc. 4), and Plaintiff's Motion in the Alternative to Transfer Venue to the Eastern District of Pennsylvania, filed on October 5, 2005, (Doc. 17).[1] For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Transfer the instant action to the District of Oregon. In light of the Court's decision, Plaintiff's alternative Motion to Transfer is **DENIED**.

---

[1] Also pending before the Court are the following motions: 1) Plaintiff's Motion for Leave of Court to Take Limited Discovery and to Supplement Plaintiff's Response, filed on September 21, 2005, (Doc. 10); 2) Plaintiff's Motion for Leave of Court to Submit Facsimile Signature and to Supplement Plaintiff's Declaration, filed on September 23, 2005, (Doc. 11); 3) Defendant's Unopposed Motion for Extension of Time to File Rebuttal Brief, filed on October 3, 2005, (Doc. 15); 4) Defendant's Motion for an Extension of Time to Produce Documents and Things, filed October 12, 2005, (Doc. 22); and 5) Plaintiff's Motion to Compel Discovery, filed on November 3, 2005, (Doc. 30).

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On July 8, 2005, TechnoFirst, S.A. ("Plaintiff") filed a Complaint in the Alexandria Division of the Eastern District of Virginia, alleging acts of patent infringement against Flightcom Corp. ("Defendant"). (Doc. 1.) The Complaint was thereafter transferred to the Norfolk Division in accord with this Court's established rotation system. Plaintiff is a French corporation with its principal place of business in Aubagne, France. Complaint at ¶ 1. Defendant is incorporated in Oregon and maintains its principal place of business in Portland, Oregon. Complaint at ¶ 2.

Plaintiff develops, manufactures and installs sound suppressing devices, which are used for large industrial applications, as well as for personal equipment used by members of the public. Complaint at ¶ 5. Plaintiff owns United States Patent No. 4,833,719, which is a technology installed in headsets that senses background noise, such as the sound of an engine, and generates a signal that attenuates or suppresses the background noise. Complaint at ¶ 9. Plaintiff has licensed David Clark Company, Inc., ("David Clark") to sell the invention in the United States. Carme Decl. at ¶ 5. According to an affidavit submitted by Dr. Christian Carme ("Carme Decl."), Plaintiff's Chief Executive Officer and Research and Development Manager, Plaintiff's patent will expire in approximately two years. Carme Decl. at ¶ 17.

Plaintiff alleges that Defendant "makes, uses, offers for sale, and sells sound suppressing headsets" that contain the technology under the '719 patent. Complaint at ¶ 11, 14. The allegedly infringing products are Defendant's Denali® ANR and Classic ANR sound suppressing headsets. Complaint at ¶ 14. According to an affidavit submitted by Defendant's President, Brian VanderPloeg ("VanderPloeg Decl."), Defendant designed, engineered, tested, and

marketed these products in Portland, Oregon. VanderPloeg Decl. at ¶¶ 2-4. The products are subsequently sold by independent retailers to end-users throughout the country. Id. at ¶ 2. Defendant's principal sales and marketing offices are located in Portland, and virtually all of the documents, electronically-stored files, and tangible and intangible evidence pertaining to the allegedly infringing products are located in Portland, Oregon. Id. at ¶ 3-4.

## II. STANDARD OF REVIEW

Section 1404(a) of United States Code Title 28 provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts have interpreted this provision to require the moving party to prove that: (1) the plaintiff could have originally brought the action in the transferee forum; and that (2) the balance of hardships pursuant to § 1404(a) factors otherwise favors transfer. See, e.g., Agilent Techs., Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 324-25 (E.D. Va. 2004); Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The decision whether to transfer an action is within the sound discretion of the district court. Agilent Technologies, 316 F. Supp. 2d at 325; Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956).

As the moving party, Defendant bears the burden of demonstrating that transfer of venue is appropriate in this case. Cognitronics Imaging Sys. v. Recognition Research Inc., 83 F. Supp. 2d 689, 696 (E.D. Va. 2000); Corry v. CFM Majestic Inc., 16 F. Supp. 2d 660, 663 (E.D. Va. 1998). After reviewing the evidence before the Court, the Court finds that Defendant has met its burden in demonstrating all elements for transferring this action pursuant to § 1404(a).

## III. DISCUSSION

### A. Jurisdiction of the Potential Transferee Forum

In order to decide the first prong of the § 1404(a) transfer inquiry, the Court must consider whether the District of Oregon would have been a proper forum when this action was initiated, with respect to both venue and personal jurisdiction. See LG Elecs. v. Advance Creative Computer Corp., 131 F. Supp. 2d 804, 809 (E.D. Va. 2001). The venue provision for patent infringement actions provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides[.]" 28 U.S.C. § 1400(b). Although § 1400(b) does not specify what satisfies the residence requirement, § 1391(c) provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." As acknowledged by Plaintiff in the Complaint, Defendant was incorporated in Oregon when the present action was filed. See Complaint at ¶ 2. Because Defendant is incorporated in the District of Oregon, it resides there for purposes of establishing both personal jurisdiction and venue. See §§ 1400(b), 1391(c); Cognitronics Imaging, 83 F. Supp. 2d at 696. Accordingly, this is an action that could have been brought in the District of Oregon, thus making that district an appropriate forum in accordance with § 1404(a). Hunter Eng'g Co. v. ACCU Indus., 245 F. Supp. 2d 761, 766 (E.D. Va. 2002).

### B. Transfer Under § 1404(a)

Determining whether transfer is warranted requires the Court to conduct the traditional balancing test of § 1404(a) factors, including "plaintiff's choice of venue, which is entitled to substantial weight; convenience of the parties and witnesses; and, the interests of justice, which is intended to encompass all those factors unrelated to witness and party convenience." GTE

Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999). In the context of a patent infringement action, the Court must also consider that the preferred forum is that which is the "the hub of activity centered around [the allegedly infringing product's] production." GTE Wireless, 71 F. Supp. 2d at 519 (internal quotations and citations omitted); see also Acterna, L.L.C. v. Adtech, Inc., 129 F. Supp. 2d 936, 939 (E.D. Va 2001) (finding that where the allegedly infringing subject is a tangible product, the hub of activity is often where the product is produced).

### 1. Plaintiff's Choice of Forum and the Preferred Forum in Patent Actions

It is a general proposition that "a plaintiff's choice of forum is entitled to substantial weight." Agilent Technologies, 316 F. Supp. 2d at 326. However, a plaintiff's choice is of lessor weight when it is not plaintiff's or defendant's home forum. Cognitronics Imaging, 83 F. Supp. 2d at 696; Corry, 16 F. Supp. 2d at 666. In this case, Plaintiff does not assert that Virginia is Plaintiff's home forum, nor does Plaintiff contend that it conducts substantial business here. Rather, Plaintiff contends that its choice of form is entitled to substantial weight based upon the following assertions: 1) this is Defendant's "resident" forum; 2) Plaintiff is a foreign entity based out of France; and 3) Defendant engages in "substantial" business in Alexandria, Virginia, making this forum the "center of gravity" for this patent infringement action. Pl.'s Mem. Opp'n. Mot. Trans. at 3-6, 10. After reviewing the facts offered to support these assertions, the undisputed evidence before the Court, and the relevant legal authority, the Court finds that Plaintiff's choice of forum carries little, if any, weight.

Throughout its briefings, Plaintiff relies upon its assertion that Virginia is Defendant's "resident" forum to bolster its choice of forum. See id. However, this assertion is clearly unsupported in light of the undisputed evidence indicating that Defendant operates principally

out of Portland, Oregon, while its only contact with this forum arises out of its interest in retail sales.² Plaintiff's legal basis for its assertion is also insupportable.³ Thus, Plaintiff's characterization of Virginia as a type of home forum for Defendant is not accorded any weight. Cognitronics Imaging, 83 F. Supp. 2d at 696. For similar reasons, Plaintiff's contention that the Court should give deference to its choice of forum as a foreign entity is also unavailing. The fact that Plaintiff has no home forum in any U.S. district does not weigh in Plaintiff's favor when the cause of action is only tenuously related to its selected forum. Verosol, 806 F. Supp. at 592-93 (When "a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight."); see also U.S. Ship Mgmt. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 936 (E.D. Va. 2005).

Plaintiff's also contends that Defendant conducts "substantial" business in Virginia, which makes Virginia the "center of gravity" for this action. See Pl.'s Mem. Opp'n. Mot. Trans. at 3. Plaintiff bases this conclusion on the following facts: 1) Defendant has sold some devices to independent retailers in this forum; 2) Defendant has a contract with the United States General

---

²Plaintiff also argues that because Defendant did not file a motion to dismiss for lack of personal jurisdiction, Defendant has admitted that it is a resident of this forum. Pl.'s Mem. Opp'n. Mot. Trans. at 6. The Court finds this argument unpersuasive.

³Plaintiff's assertion that Virginia is Plaintiff's "resident" form is legally misguided. Plaintiff argues that Defendant "resides" in the Eastern District of Virginia for purposes of both venue and personal jurisdiction, based upon satisfying one of the prongs of the Virginia Long-Arm Statute. See Pl.'s Mem. Opp'n. Mot. Trans. at 3-6. Based on this conclusion, Plaintiff cites this Court's unpublished decision in The Original Creatine Patent Company, Ltd. V. MET-RX USA, Inc., 2005 U.S. Dist. LEXIS 7894, at *6 (E.D. Va. May 3, 2005) for the proposition that Virginia is Defendant's "resident" forum since "a corporate defendant is deemed to reside in any forum where it is subject to personal jurisdiction at the time the infringement occurs." Pl.'s Mem. Opp'n. Mot. Trans. at 4. Thus, Plaintiff relies upon the fact that Defendant has sold some headsets to independent retailers in Virginia as the basis for its conclusion that Defendant is a general resident of Virginia. This conclusion ignores the distinctions between the tests for venue, specific and general personal jurisdiction, and home forum residency. It is true that a corporation that is subject to the personal jurisdiction of a forum will also be considered to be a resident of that forum for the limited purpose of satisfying the venue requirement under § 1391. See Cognitronics Imaging, 83 F. Supp. 2d at 696. However, having satisfied the venue requirement under § 1391 does not work in the reverse to establish general personal jurisdiction in the forum, nor does it establish general residency or "home forum" status in that forum as indicated by Plaintiff.

Services Administration ("GSA"), which is located in Arlington, Virginia; and 3) although the GSA contract was negotiated in Philadelphia, Pennsylvania, it must have been ultimately approved in Arlington since, upon Plaintiff's information and belief, over 90 percent of such contracts are ultimately approved there. See Pl.'s Mem. Opp'n. Mot. Trans. at 1-2; Complaint at ¶ 12. These contacts cannot be said to make Virginia the "center" or "hub" of activity for the present action.

Defendant's contract with the GSA has no bearing on this action. Defendant has not sold any headsets to the GSA. VanderPloeg Supp. Decl. at ¶ 8; see also Def.'s Rebuttal at 4, 6. Instead, the GSA negotiated with Defendant to make certain products available to qualified purchasers at a certain price, and eventual sales are made by independent purchasers, such as military bases. Id. Additionally, the GSA contract was negotiated through the GSA office in Philadelphia, Pennsylvania, and Defendant's only GSA contacts are located there. Id. at ¶ 9. Thus, the GSA contract is wholly unrelated to this forum and has no connection whatsoever to any infringing activity alleged in this action.

Plaintiff's claim that Defendant conducts "substantial" business here is also unavailing. Since 2000, Defendant has sold a total of 69 allegedly infringing headsets to independent retailers in Virginia. VanderPloeg Decl. at ¶ 7. However, there is no dispute that Defendant does not design, test, produce, assemble or manufacture any product in Virginia. Thus, Defendant's only connection to this forum arises out of its retail sales to independent retailers, which is clearly insufficient to support any argument that Virginia is the "hub of activity" regarding the instant claims of patent infringement. GTE Wireless, 71 F. Supp. 2d at 519. Thus, these retail sales contacts do not accord Plaintiff's choice with great weight. Indeed, "[f]ederal courts are not

solicitous of plaintiffs claiming 'substantial weight' for their forum choice where the connection with the forum is limited to sales activity without more." Acterna, 129 F. Supp. 2d at 938.

On the other hand, the evidence before the Court clearly indicates that the "center" or "hub" of the allegedly infringing activity for this action is located in Portland, Oregon. The heart of this action relates to the design and production of the allegedly infringing headsets. Here, all activity relating to their design, sale and marketing is conducted at Defendant's place of business in Portland, Oregon. VanderPloeg Supp. Decl. at ¶ 2-3. The majority of the production activity, including their assembly, testing and packaging, is also conducted there. Id. In addition, Defendant is incorporated, headquartered and operates solely out of Portland, where the relevant documents and witnesses are located. Id. at ¶ 7. Thus, the hub of activity regarding the allegedly infringing headsets, and thus the preferred forum, is clearly located in Portland, Oregon. See Acterna, 129 F. Supp. 2d at 939 (finding the hub of activity where the allegedly infringing devices were designed and produced, and where defendant was incorporated, headquartered and had its principal place of business); LG Electronics, 126 F. Supp. 2d at 421 (finding the hub of activity where defendant assembled computers with allegedly infringing parts); Brown Mfg. Corp. v. Alpha Lawn & Garden Equip., Inc., 219 F. Supp. 2d 705, 710 (E.D. Va. 2002) (hub of activity found where products were designed, manufactured and marketed, not where downstream retailers offered for sale).

Notwithstanding the weak showing of Plaintiff's choice of forum, Defendant maintains the burden of demonstrating that "the balance of hardships clearly favor transfer in favor of the defendant," with respect to the convenience of the parties and witnesses and the interests of justice. Verizon Online Servs. v. Ralsky, 203 F. Supp. 2d 601, 624 (E.D. Va. 2002).

### 2. Convenience of the Parties and Witnesses

All of Defendant's anticipated witnesses are located in Portland, Oregon,[4] as are the documents, computers, computer media and tangible objects relating to the design, production and marketing of the allegedly infringing headsets. VanderPloeg Supp. Decl. at ¶ 7-9. Plaintiff has identified one anticipated witness to testify regarding the alleged infringement: Dr. Carme, who is located in Aubagne, France.[5] Pl.'s Mem. Opp'n. Mot. Trans. at 7. However, no anticipated witnesses, documents or other material relating to the allegedly infringing activity are located in Virginia. Moreover, the fact that Portland is the center of activity for this action underscores that the District of Oregon is a more convenient forum for the parties and the witnesses than the present forum.

### 3. Interests of Justice

According to GTE Wireless, "the interest of justice factors include such circumstances as 'the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, [and] the possibility of harassment.'" GTE Wireless, 71 F. Supp. 2d at 519 (quoting Hester Industries, 1996 U.S. Dist. LEXIS 19926 (citations omitted)). The

---

[4]Defendant anticipates the following potential witnesses: 1) Brian VanderPloeg, President; 2) Dana Shaffer, Vice President of Business Development; 3) Sarmad Hannosh, Engineer; 4) Barbara Keepes, Head of Plaintiff's Division; 5) Lorenzo Dunn, Chief Engineer; 6) Bob Brown, Head of Accounting; and 7) Joan Pasley, Head of Operations. See VanderPloeg Decl. at ¶ 5; Def.'s Rebuttal at 7. These witnesses all reside in Oregon. Id. Defendant also contends that its most crucial witness and representative, Brian VanderPloeg, suffers from Chronic Fatigue and Immune Dysfunction Syndrome, which makes him unable to travel. VanderPloeg Decl. at ¶ 9.

[5]Plaintiff has identified one other witness, a representative of the GSA, located in Arlington, Virginia, who Plaintiff expects to call as a fact witness for the purpose of establishing damages. Pl.'s Mem. Opp'n. Mot. Trans. at 7. However, the location of this witness does not weigh into the Court's decision regarding the balance of hardships since the expected testimony does not relate to issues of alleged infringement and is of a subject more appropriately addressed by deposition testimony.

interests of justice factor implicated in this case relate to the alleged docket conditions in the Eastern District of Virginia. Plaintiff has submitted evidence indicating that it takes, on average, twice as long to reach trial in the District of Oregon than in this forum. See Carme Decl. at ¶ 16; Pl.'s Mem. Opp'n. Mot. Trans., Ex. 7-8. This prospect is of concern to Plaintiff because Plaintiff's "patent will expire in approximately two years[,] . . . [and if a] resolution is not reached before the patent expires, [Plaintiff] and its licensee will suffer a loss of rights to exclusivity in the market for the patented product." Carme Decl. at ¶ 17. In light of this fact, it appears to the Court that the docket conditions are a weighty and legitimate concern.

Nevertheless, while the Court is not insensitive to Plaintiff's need to proceed to trial as expeditiously as possible, the weight the Court may give to this concern is limited. The authorities are clear that while docket conditions are a factor in considering whether a case may be transferred, they cannot be the primary factor for retaining a case in this district. Cognitronics Imaging, 83 F. Supp. 2d at 697 n.8, 698-99 (noting that "[t]he 'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner"); see also Corry, 16 F. Supp. 2d 666. Any remaining weight that the Court would have accorded to this concern is diminished by Plaintiff's posture regarding its Motion in the Alternative to transfer this action to the Eastern District of Pennsylvania. At oral argument, Plaintiff indicated to the Court that its review of the Pennsylvania docket conditions were no more favorable to its claims than the District of Oregon. Thus, Plaintiff's apparent satisfaction with the Pennsylvania forum significantly undercuts its position that the docket conditions factor justifies retaining this case.

Thus, although the Court would otherwise give greater weight to Plaintiff's need to

proceed to trial, the Court is not persuaded that the docket conditions factor alone merits retaining this action, especially "where all other reasonable and logical factors would result in a transfer of venue." Acterna, 129 F. Supp. 2d at 940. In this case, the Court finds that all other considerations demonstrate that the balance of hardships clearly favors transferring this case to the District of Oregon.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Transfer to the District of Oregon and **DENIES** Plaintiff's Alternative Motion to Transfer to the Eastern District of Pennsylvania. Accordingly, the Court **ORDERS** that this action be transferred to the District of Oregon. In light of the Court's determination, the remaining procedural and discovery motions pending before the Court should be decided in the transferee Court.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record and to certify the order to the Director of the Patent and Trademark Office.

It is so **ORDERED**.

/s/ Henry Coke Morgan
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY CLERK

Norfolk, Virginia
December 5, 2005